UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

NEIL KRUEGER,

        Plaintiff,

        v.                              Case No. 02-C-0611

CANADIAN PACIFIC RAILROAD, CO.,
SOO LINE RAILROAD COMPANY,
CP RAIL SYSTEMS,
SPARTECH PLASTICS, INC.,

        Defendants.

------------------------------------------------------

SPARTECH PLASTICS, INC.,

        Third-Party Plaintiff,

        v.

SAHLY/ANDERSON AND ASSOCIATES,
UNIVERSAL DYNAMICS, INC.,

        Third-Party Defendants.

---

## DECISION AND ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR LEAVE TO FILE AMENDED THIRD-PARTY COMPLAINT

        In this case, plaintiff Neil Krueger sues two railroad companies and Spartech

Plastics, Inc., regarding injuries he allegedly sustained in an accident in November 2000.

Railroad employee Krueger seeks damages for personal injuries he claims were sustained

after he was knocked off a slowly moving train car on Spartech Plastics, Inc.'s, property. (Am.

Compl. Count I ¶¶ 6-8, 13, Count II ¶¶ 3-5, 10.) Krueger claims he mounted a railcar while

performing switching services and was injured when he struck a "close clearance structure"

adjacent to the tracks. (*Id.* Count II ¶¶ 3-5, 7.) Moreover, Krueger asserts that Spartech was negligent in failing to comply with railroad clearance requirements, failing to warn him of the unsafe clearance, and failing to provide him with a safe place to work. (*Id.* Count II ¶ 8.)

On January 10, 2003, Spartech filed a third-party complaint against Universal Dynamics, Inc. (UniDyn) and Sahly/Anderson and Associates, Inc. UniDyn answered the third-party complaint on February 14, 2003, and raised the applicable statute of limitation or repose as an affirmative defense. (UniDyn Answer (dkt. #32) at 8.)

On March 11, 2005, UniDyn moved to dismiss the third-party claims against it under Fed. R. Civ. P. 12(c), on the ground that Spartech's claims are barred by Wisconsin's statute of repose, Wis. Stat. § 893.89. Spartech opposes the motion and, alternatively, seeks leave to file an amended third-party complaint and avoidance of the statute of repose.

Rule 12(c) permits a party to move for judgment on the pleadings after the parties have filed the complaint and answer. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998); *see* Fed. R. Civ. P. 12(c). "Like Rule 12(b) motions, courts grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *N. Ind. Gun*, 163 F.3d at 452 (quoting *Craigs, Inc. v. Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)). Thus, to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved. *Id.* The facts are viewed in the light most favorable to the nonmoving party, but facts set forth in the complaint that undermine the plaintiff's claim are not ignored. *Id.*

Spartech asserts in its third-party complaint that Krueger sued Spartech regarding striking the "close clearance structure" on Spartech's property and being knocked off the train car on November 20, 2000. (3d-Party Compl. (dkt. #27) ¶ 8.) According to

2

Spartech, the railroad track at the spot where Krueger was injured was constructed pursuant to a "Track Agreement," which in "Item 8. Clearance" contained certain clearance requirements for around the track. (*Id.* ¶ 10.) Spartech then asserts:

> 15.  The alleged close clearance structure, which the Plaintiff claims he struck, was a railcar unloading manifold which was, upon information and belief, purchased by [Spartech], from and installed by Third Party Defendant Universal Dynamics, Inc. in 1987 and 1988.
>
> 16.  Third Party Defendant Universal Dynamics, Inc., negligently failed to place and install the alleged close clearance structure in compliance with Track Agreement Item 8. Clearance requirements, and in violation of certain safety standards including OSHA regulations, FRA regulations, industry safety standards, and Section 192.53, Wisconsin Statutes, among others.
>
> 17.  A portion of the same alleged close clearance structure, railcar unloading manifold, upon information and belief, was subsequently purchased by [Spartech] from and installed by Third Party Defendant Sahly/Anderson and Associates, Inc., in 1997.
>
> 18.  Third Party Defendant Sahly/Anderson and Associates, Inc., negligently failed to place and install the alleged close clearance structure in compliance with Track Agreement Item 8. Clearance requirements, and in violation of certain safety standards including OSHA regulations, FRA regulations, industry safety standards, and Section 192.53, Wisconsin Statutes, among others.

(3d-Party Compl. ¶¶ 15-18.)

Wisconsin's statute of repose provides that, with certain exceptions not relevant here,

> no cause of action may accrue and no action may be commenced, including an action for contribution or indemnity, . . . against any person involved in the improvement to real property after the end of the exposure period, to recover damages . . . for any injury to the person . . . arising out of any deficiency or defect in the design, land surveying, planning, supervision or observation of construction of, the construction of, or the furnishing of materials for, the improvement to real property.

3

Wis. Stat. § 893.89(2). The "exposure period" is ten years following the date of "substantial completion" of the improvement to real property. Wis. Stat. § 893.89(1). An "improvement to real property" is a permanent addition to real property "that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs." *U.S. Fire Ins. Co. v. E.D. Wesley Co.*, 105 Wis. 2d 305, 309 (1982).

UniDyn argues that the railcar unloading manifold structure was an improvement to real property and that the text of the third-party complaint asserts that the structure was completed at least twelve years before Krueger's accident and fourteen or fifteen years before the filing of the third-party complaint. Thus, UniDyn contends the claim is barred by § 893.89.

In response, Spartech does *not* argue that the railcar unloading manifold structure does not qualify as an improvement to real property or that the court must await the presentation of facts on that issue. Nor does it maintain that the 1997 or 1998 improvements suggest that the railcar unloading manifold structure was not substantially completed in 1987 or 1988. Instead, Spartech contends that UniDyn supplied materials for Sahly/Anderson's 1997 or 1998 addition to the railcar unloading manifold structure (the subject of ¶¶ 17 and 18 quoted above), thus reviving the exposure period or eliminating any bar by the statute of repose. Correspondingly, Spartech seeks leave to amend its third-party complaint to add allegations that UniDyn supplied materials that were shipped directly to Spartech for the 1997 or 1998 work by Sahly/Anderson. Evidence provided in support of the motion to amend includes Sahly/Anderson's October 27, 2003, response to interrogatories and request for production of documents, indicating that Sahly/Anderson retained Valley Equipment Services to install the manifold and RC Copher Systems to install a silo, and that the work included a

4

UniDyn 200-pound silo chamber, with a chamber extension on the top. (Bruch Aff. (dkt. #111), Ex. A.) UniDyn apparently billed Sahly/Anderson in September 1998 for just over $2,000. (*Id.*, Ex. B.)

The motion for judgment on the pleadings pursuant to Rule 12(c) will be granted. The third-party complaint pleads that the railcar unloading manifold structure built by UniDyn was completed in 1987 and 1988. Spartech's claims of indemnification and contribution, based on a November 2000 injury and brought in January 2003, are barred by the ten-year statute of repose. The allegations against UniDyn in the third-party complaint concern only the 1987 and 1988 work. (*See* 3d-Party Compl. ¶¶ 15-16.) In no way does the third-party complaint suggest that UniDyn had anything to do with the 1997 Sahly/Anderson installation work. Thus, UniDyn was not on notice of any claim related to improvements in 1997 or 1998.

The motion for leave to amend the third-party complaint seeks the addition of "and 1998" at the end of paragraph 17 quoted above, and the following new paragraph: "Universal Dynamics, Inc. furnished components of the railcar unloading manifold system, including but not limited to a 200 lbs[.] aluminum silo chamber with a chamber extension, purchased by Spartech Plastics, Inc. from, and installed by Sahly/ Anderson and Associates, Inc., in 1998." (Spartech Mot. for Leave to Amend, Ex. A ¶ 18.) The motion for leave to amend will be denied.

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, a district court may deny an amendment under Rule 15 for undue delay, bad faith, dilatory motive, prejudice, or futility. *Ind. Funeral Dirs. Ins. Trust v.*

*Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003). Here, undue delay, prejudice, and partial futility each support denial.

Spartech filed the third-party complaint on January 10, 2003; the motion to amend was filed on April 1, 2005 – over two years later. Spartech argues that amendment is justified because discovery uncovered UniDyn's 1997 or 1998 furnishing of materials, i.e., not until discovery did Spartech learn of UniDyn's involvement in 1997 and 1998. But Spartech learned of this information in discovery responses provided back in October 2003 (*see* Bruch Aff., Exs. A, B), and does not explain at all why it waited eighteen months to move to amend.

Further, as discovery closed on October 31, 2003, UniDyn would be unable to conduct any discovery relating to allegations regarding events in 1997 or 1998. Spartech filed its motion to amend just three months before trial, which is set for July 11, 2005. (The trial date was set before the motion to amend was filed.) The absence of an ability to conduct discovery on the new claim, if needed, and the lack of time before the trial date would prejudice UniDyn if this court granted the motion to amend the third-party complaint.

And finally, although there is little case law regarding Wis. Stat. § 893.89, a natural reading of the statute prevents Spartech from reaching back to the 1987 and 1988 improvements simply through the occurrence of additional improvements in 1997 and 1998. In other words, once claims regarding the 1987 and 1988 improvements are barred, they remain barred. It would be futile to amend the complaint to try to revive them, as the proposed amended third-party complaint attempts to do. Moreover, any new claim could only concern the silo and chamber added in 1997 and 1998, not the original improvements.

Therefore,

6

IT IS ORDERED that UniDyn's motion to dismiss pursuant to Fed. R. Civ. P. 12(c) is granted.

IT IS FURTHER ORDERED that Spartech's motion for leave to amend the third-party complaint is denied.

Dated at Milwaukee, Wisconsin, this 27th day of June, 2005.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge