UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NEIL KRUEGER,

    Plaintiff,

    v.                        Case No. 02-C-0611

SOO LINE RAILROAD,
SPARTECH PLASTICS, INC.,

    Defendants.

MEMORANDUM ON JUDGMENT

On July 18, 2005, the jury returned its Special Verdict in this case, finding Soo Line liable under the Federal Employers Liability Act (FELA), Spartech liable for negligence, and plaintiff comparatively negligent. The jury awarded $510,000 in damages and apportioned 30% fault to Soo Line, 20% fault to Spartech, 30% fault to plaintiff, 5% fault to each of Michaels Engineering and Universal Dynamics, and 10% fault to Sahly/Anderson and Associates.

Michaels Engineering, Universal Dynamics, and Sahly/Anderson had been impled as third-party defendants by Spartech, but settled prior to trial. Plaintiff was involved in Michaels Engineerings' settlement, also; Michaels Engineering paid the plaintiff $2,000 and the plaintiff executed a "*Pierringer* release." (Spartech Ex. 2031.) Soo Line and Spartech filed cross-claims for contribution and indemnification. (Dkt. #8, #12, #25.)

The parties have submitted briefs regarding the effect of the Special Verdict the judgment that should be entered in this case. For the following reasons, judgment will be entered in favor of plaintiff as against Soo Line for $355,000 and in favor of Spartech against plaintiff, and all cross-claims will be dismissed.

Soo Line's liability is relatively easy. Pursuant to 45 U.S.C. § 51, the railroad is liable for damages if plaintiff's "injury . . . result[ed] in whole or in part from [the railroad's] negligence." Under 45 U.S.C. § 53, that amount is reduced only by the plaintiff's comparative negligence. No deduction is made for the negligence of other defendants or non-parties that contributed to the injuries. *Norfolk & W. Ry. Co. v. Ayers*, 538 U.S. 135, 160 (2003); *Schadel v. Iowa Interstate R.R., Ltd.*, 381 F.3d 671, 675-676 (7th Cir. 2004). While the railroad may sue third parties for indemnification and contribution, the railroad's own responsibility is affected only by the plaintiff's comparative negligence. *Schadel*, 381 F.3d at 676; *see also Ayers*, 538 U.S. at 141, 162. Soo Line contends that *Schadel* is inapplicable, as the court considered Illinois law and only one nonsettling defendant, however, this court disagrees. Because the jury awarded the plaintiff $510,000, and the plaintiff was comparatively negligent for 30%, Soo Line is liable to the plaintiff in the amount of $357,000 prior to adjustment, ($510,000 x 70% = $357,000).[1]

Under *Schadel*, and as hinted at by *Ayers*, the $357,000 should be reduced by payments made to plaintiff pursuant to settlements with others. The Seventh Circuit approved the *Schadel* "pro tanto" approach that credits nonsettling defendants with the dollar amount of settlements received by the injured party. 381 F.3d at 678. In *Schadel*, the district court had taken the total damages found by the jury; reduced those damages by 50%, the amount of the plaintiff's negligence; and then reduced the damages further by the amount the plaintiff had received in settlement from a co-defendant. *Id.* at 673-74. The Seventh Circuit approved the judgment. In *Ayers*, although reduction of a damages award for settlement by other parties was not addressed, the Supreme Court in describing the final judgments stated that

---

[1] Plaintiff briefly asks that this court enter judgment for the full amount of $510,000, under 45 U.S.C. §§ 53, 54a and Wis. Stat. § 192.53. However, this court has previously ruled that § 192.53 is not a safety statute for purposes of 45 U.S.C. §§ 53, 54a, and that ruling stands.

2

the trial court had reduced the damages based on the plaintiffs' comparative negligence "and for settlements with non-FELA entities," 538 U.S. at 144, with no mention that the second reduction was inappropriate, *id.*

Soo Line contends that the reduction should be Michaels' 5% fault (i.e., $25,500) because plaintiff's settlement with Michaels Engineering involved a release under *Pierringer v. Hoger*, 21 Wis. 2d 182 (1963). However, *Schadel* held that federal law, not state law, applies to determine the effect of settlements with other tortfeasors on a FELA recovery. 381 F.3d at 676. (That *Schadel* rejected application of Illinois versus Wisconsin law on divvying up the damages is immaterial – federal, not state, law applies.) One of Spartech's reply briefs regarding the judgment references Michaels Engineering's $2,000 payment as reflected in Trial Exhibit 2031. Considering this payment, the plaintiff is entitled to judgment against Soo Line in the amount of $355,000 ($357,000 - $2,000 = $355,000).[2]

Plaintiff suggests and Soo Line argues that Spartech may be liable to plaintiff as well. But this court finds that under Wisconsin law, Spartech owes the plaintiff nothing. Although Wisconsin has a comparative negligence statute, a plaintiff cannot recover against a defendant if the plaintiff's negligence was greater than the defendant's. Wis. Stat. § 895.045(1). "The negligence of the plaintiff shall be measured separately against the negligence of each person found to be causally negligent." *Id.* However, "[n]otwithstanding sub. (1), if 2 or more parties act in accordance with a common scheme or plan, those parties are jointly and severally liable for all damages resulting from that action," punitive damages excepted. Wis. Stat. § 895.045(2). Here, plaintiff's was 30% at fault, while Spartech was 20% at fault. Consequently, under § 895.045(1), plaintiff recovers nothing from Spartech.

---

[2] No one argues that the settlement money plaintiff received from General Engineering (*see* Trial Ex. 2030), whom the jury found not to be negligent, should be deducted as well.

3

Plaintiff suggests that *Schadel may be* read as supporting liability by Spartech. Soo Line adds that the liability of either Michaels Engineering or Universal Dynamics (5%) and Sahly/Anderson (10%) should be imputed to Spartech because Spartech hired them and that their cumulative liability makes Spartech 35% liable (which is greater than the plaintiff's 30% liability), but the authority on which Soo Line relies is inapplicable. That case Soo Line cites, *Barry v. Employers Mut. Cas. Co.*, 245 Wis. 2d 560, 630 N.W. 2d 517(2001) concerned imputation based on Wisconsin's safe place statute, Wis. Stat. § 101.11, which was not alleged here. The safe place statute establishes a duty greater than that of ordinary care imposed at common law for employers and owners of places of employment and public buildings. The Wisconsin Supreme Court distinguished cases brought under common law: "*Smith* is distinguishable because it states the general common law rule. The claim against Ameritech was brought specifically under the safe place statute, which, as we have discussed, imposes duties beyond the common law." *Id.* ¶ 40.

Plaintiff's claim against Spartech at trial, as reflected by the jury instructions, was common law negligence. Apportionment of common law negligence damages is governed by § 895.045(1), which states that the plaintiff's negligence is measured separately "against the negligence of each person found to be causally negligent." Any addition of imputed damages to what Spartech was attributed by the jury would render this statutory language meaningless.

No jury finding was requested or made regarding any common scheme or plan between the two defendants, so § 895.045(2) does not apply. Nevertheless, Soo Line offers that Spartech acted in a common plan with Sahly/Anderson and Universal Dynamics because the latter were acting as Spartech's agents in designing and constructing the piping system adjacent to the spur track. However, for Spartech to share Soo Line's responsibility to pay

4

Plaintiff suggests that *Schadel may be* read as supporting liability by Spartech. Soo Line adds that the liability of either Michaels Engineering or Universal Dynamics (5%) and Sahly/Anderson (10%) should be imputed to Spartech because Spartech hired them and that their cumulative liability makes Spartech 35% liable (which is greater than the plaintiff's 30% liability), but the authority on which Soo Line relies is inapplicable. That case Soo Line cites, *Barry v. Employers Mut. Cas. Co.*, 245 Wis. 2d 560, 630 N.W. 2d 517(2001) concerned imputation based on Wisconsin's safe place statute, Wis. Stat. § 101.11, which was not alleged here. The safe place statute establishes a duty greater than that of ordinary care imposed at common law for employers and owners of places of employment and public buildings. The Wisconsin Supreme Court distinguished cases brought under common law: "*Smith* is distinguishable because it states the general common law rule. The claim against Ameritech was brought specifically under the safe place statute, which, as we have discussed, imposes duties beyond the common law." *Id.* ¶ 40.

Plaintiff's claim against Spartech at trial, as reflected by the jury instructions, was common law negligence. Apportionment of common law negligence damages is governed by § 895.045(1), which states that the plaintiff's negligence is measured separately "against the negligence of each person found to be causally negligent." Any addition of imputed damages to what Spartech was attributed by the jury would render this statutory language meaningless.

No jury finding was requested or made regarding any common scheme or plan between the two defendants, so § 895.045(2) does not apply. Nevertheless, Soo Line offers that Spartech acted in a common plan with Sahly/Anderson and Universal Dynamics because the latter were acting as Spartech's agents in designing and constructing the piping system adjacent to the spur track. However, for Spartech to share Soo Line's responsibility to pay

4

plaintiff, the required common scheme or plan would have to have been between Soo Line and Spartech, not Spartech and others.

That leaves the cross-claims between the defendants. Because Spartech owes plaintiff nothing, its own claim for contribution or indemnity is moot. Hence, the only issue is whether Spartech may owe contribution or indemnity to Soo Line. Soo Line's cross claim pointed to a Track Agreement between Soo Line and Spartech as the basis for its claim of indemnification and to the Track Agreement and common law as the basis for its claim for contribution. But in light of this court's March 25, 2004, decision that under the Track Agreement, Soo Line is not entitled to indemnification for its own negligence (Doc. #94, #100), Soo Line does not now argue indemnity.

Under Wisconsin common law, Soo Line cannot seek contribution from Spartech, because Spartech owes plaintiff nothing. The general contribution rule "is that a joint tort-feasor has a right to contribution from another tort-feasor for any sums the first tort-feasor is obligated to pay a plaintiff in satisfaction of the second's liability." *VanCleve v. City of Marinette*, 2003 WI 2, ¶ 38, 258 Wis. 2d 80, ¶ 38. Three elements must be met for a claim of contribution to succeed: (1) both parties must be joint tortfeasors, (2) both must have common liability to the same person because of their status as tortfeasors, and (3) the party seeking contribution must have borne an unequal portion of the common burden. *Fire Ins. Exch. v. Cinci. Ins. Co.*, 2000 WI App 82, ¶ 8, 234 Wis. 2d 314, ¶ 8.

Here, Soo Line is not obligated to pay the plaintiff any sum that satisfies Spartech's liability, i.e., it will not bear an unequal portion of a common burden, because Spartech individually owes nothing to plaintiff. Thus, Soo Line's contribution claim under Wisconsin common law fails.

5

Soo Line and Spartech are parties to a Track Agreement dated December 11, 1987. That agreement contains the following sentence: "If any liability, claim, suit, judgment, cost or expense, other than that assumed by the Industry under Section 9.A above [concerning risk of fire], arises from the joint or concurring negligence of both parties, contributions by the parties shall be based on comparative fault or comparative negligence." (Dkt. #12, Ex. A, ¶ 9.B.) However, the Track Agreement does not state that Spartech agrees to contribution under any definition or concept of the term outside common law, and the agreement references "comparative fault or comparative negligence." (The agreement does not state, for instance, that notwithstanding the effects of Wisconsin law Spartech will pay Soo Line some share of Soo Line's liability.) Thus, the agreement incorporates Wisconsin law on contribution and comparative negligence.[3] And under Wisconsin common law, Spartech owes nothing to plaintiff and thus owes nothing to Soo Line, either.

Dated at Milwaukee, Wisconsin, this 12th day of September, 2005.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge

---

[3]The parties do not suggest that any other state's law applies to the Track Agreement.